IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------------------X

VERONICA SMITH, on behalf of herself and all others similarly situated,

                      Plaintiff,

- against -

RAINBOW USA, INC.,

                      Defendant.

------------------------------------------------------------------------X

No. 1:17-CV-4368

**COLLECTIVE ACTION COMPLAINT**

Plaintiff VERONICA SMITH ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Stephan Zouras LLP and Shavitz Law Group, P.A., upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and her similarly situated co-workers who have worked as exempt-classified Store Managers (together, "SMs") for Defendant RAINBOW USA, INC. (referred to herein as "Rainbow Shops" or "Defendant") in the United States, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Rainbow Shops is an "international fashion retailer with over 1,000 locations in the United States, Puerto Rico and the U.S. Virgin Islands ...."[1]

3. Rainbow Shops employs SMs at its retail stores in the United States who, despite their classification, spend the vast majority of their time performing the same job duties as non-exempt store employees. Specifically, Rainbow Shops' SMs' primary duty is the performance of

---

[1] *See* Defendant's website, *available at* http://www.rainbowshops.com/about-us.html (last accessed June 8, 2017).

non-management work, including assisting customers, stocking shelves, setting up floor sets with products, performing customer service, ringing registers, doing merchandising, and unloading products onto the sales floor. These duties do not vary significantly from one Rainbow Shops store to another throughout the United States.

4. The primary duties of SMs do not fall under any of the exemptions to the FLSA.

5. Rainbow Shops regularly requires SMs to work in excess of 40 hours per week. Throughout the relevant period, it has been Rainbow Shops' nationwide policy to uniformly classify SMs as exempt from federal overtime provisions and not to pay SMs any overtime wages.

6. By the conduct described in this Collective Action Complaint, Rainbow Shops has violated the FLSA by failing to pay SMs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law.

## THE PARTIES

*Plaintiff*

*Veronica Smith*

7. Plaintiff Veronica Smith is an adult individual who worked for Rainbow Shops as an SM from approximately 2013 to approximately June 2014 in Chicago, Illinois.[2]

8. Plaintiff is a covered employee within the meaning of the FLSA.

9. A written consent form for Plaintiff is attached as Exhibit A.

*Defendant*

*Rainbow USA, Inc.*

10. Rainbow USA, Inc. is a New York corporation with its principal office and place

---

[2] Plaintiff's claims were previously tolled through her filing of a consent form in *Rodriguez v. Chaps, Inc.*, No. 17-cv-01417 (E.D.N.Y.) on March 16, 2017.

of business and headquarters located in Brooklyn, New York. Rainbow USA, Inc. transacts business in the state of New York, including operating more than 100 stores in New York using the "Rainbow Shops" brand.

11. Throughout the relevant period, Rainbow USA, Inc. employed Plaintiff and SMs within the meaning of the FLSA. Rainbow USA, Inc. has had substantial control over Plaintiff's and SMs' working conditions and the unlawful policies and practices alleged herein.

12. At all times relevant, Rainbow USA, Inc. maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

13. Rainbow USA, Inc. applies the same employment policies, practices, and procedures to all SMs.

14. At all times relevant, Rainbow USA, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the FLSA.

16. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17. The United States District Court for the Northern District of Illinois has personal jurisdiction over Defendant as many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

19. Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Rainbow Shops as SMs at any time from June 9, 2014 to September 18, 2016[3] outside of Puerto Rico and at any time from June 9, 2014 to present in Puerto Rico who elect to opt-in to this action (the "FLSA Collective").

20. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Rainbow Shops, and/or Rainbow Shops has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

21. As part of its regular business practice, Rainbow Shops has repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

   b. misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

   c. failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Rainbow Shops.

The above violations were intentional and willful.

22. Rainbow Shops is aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

23. Plaintiff and the FLSA Collective all perform or performed the same primary duties.

---

[3] Defendant reclassified SMs outside of Puerto Rico to non-exempt status on or about this date.

24. Rainbow Shops' unlawful conduct has been widespread, repeated, and consistent.

## COMMON FACTUAL ALLEGATIONS

25. Throughout their employment with Rainbow Shops, Plaintiff and the members of the FLSA Collective consistently worked more than 40 hours per week.

26. Rainbow Shops was aware that Plaintiff and the members of the FLSA Collective worked more than 40 hours per workweek, yet Rainbow Shops failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek

27. Plaintiff's and the FLSA Collective Members' primary duty was not management.

28. Plaintiff's and the FLSA Collective Members' primary duties were non-exempt duties including assisting customers, stocking shelves, setting up floor sets with products, performing customer service, ringing registers, doing merchandising, unloading products onto the sales floor and cleaning the store. These duties are the same as the duties performed by the hourly-paid store employees, who are classified by Rainbow Shops as non-exempt.

29. Plaintiff and the FLSA Collective Members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Rainbow Shops. Plaintiff and the FLSA Collective Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime
### (Brought on behalf of Plaintiff and the FLSA Collective)

30. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

31. Rainbow Shops engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

32. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

33. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

34. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Rainbow Shops.

35. Rainbow Shops is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

36. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

37. Rainbow Shops failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

38. Rainbow Shops' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Rainbow Shops has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

39. Because Rainbow Shops' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

40. As a result of Rainbow Shops' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

41. As a result of the unlawful acts of Rainbow Shops, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA, and the supporting United States Department of Labor regulations;

C. Pre-judgment interest, post-judgment interest, and statutory penalties as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. Reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the FLSA Collective and for the risks she took in doing so;

F. Attorneys' fees and costs of the action; and

G. Such other, injunctive, and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: Chicago, Illinois
June 9, 2017

Respectfully submitted,

By: /s/ Ryan Stephan
Ryan Stephan
**STEPHAN ZOURAS LLP**
205 N. Michigan Ave, Suite 2560
Chicago, Illinois 60601
Telephone: (312) 233-1550

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (to apply for admission *pro hac vice*)
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888

**SHAVITZ LAW GROUP, P.A.**
Michael J. Palitz (to apply for admission *pro hac vice*)
830 3rd Avenue, 5th Floor
New York, NY 10022
Telephone: (800) 616-4000

***Attorneys for Plaintiff and the Putative Collective***

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on June 9, 2017, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                                            */s/ Ryan F. Stephan*